# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALICE FRAZIER, | Case No.: |
| Plaintiff, | |
| v. | |
| GINNY'S, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

ALICE FRAZIER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GINNY'S, INC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

- 1 -

PLAINTIFF'S COMPLAINT

3.     Defendant regularly conducts business in the State of Colorado, thus, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.     Plaintiff is a natural person residing in Colorado Springs, Colorado 80909.

7.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant is a corporation with its principal place of business located at 1112 7th Avenue, Monroe, Wisconsin 53566.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number that she has had for at least one year.

11.    Plaintiff has only used this phone as a cellular telephone.

12.    Beginning in or about January or February 2016 and continuing through September 2017, Defendant placed repeated, continuous telephone calls to

Plaintiff's cellular telephone number.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because she would regularly be greeted with a recording before speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Frustrated by Defendant's excessive calls each day, Plaintiff spoke with Defendant's agents in or around April 2016 to advise them that she no longer wanted to be contacted on her cellular telephone and to stop calling her.

17. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

18. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

19. Plaintiff made subsequent requests for calls to cease, but all requests went ignored.

20. Defendant persisted in calling Plaintiff through September 2017.

21. These additional calls were aggravating, agitating and unwanted by Plaintiff.

22. After Defendant ignored Plaintiff's multiple requests and continued to call her repeatedly and continuously without her consent, she turned to downloading a blocking application to her cellular telephone to ultimately stop Defendant's harassing calls.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

PLAINTIFF'S COMPLAINT

29. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALICE FRAZIER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALICE FRAZIER, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|   |   |
|---|---|
|   | RESPECTFULLY SUBMITTED, |
| Dated: September 28, 2018 | By: */s/ Amy L. Bennecoff Ginsburg*<br>Amy L. Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Facsimile: (877) 788-2864<br>Email: aginsburg@creditlaw.com |

PLAINTIFF'S COMPLAINT